UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THANH DAT LE,

                                    Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of
the Otay Mesa ICE Detention Center;
GREGORY J. ARCHABEAULT, Director
of the San Diego Field Office of U.S.
Immigration and Customs Enforcement;
and U.S. Department of Homeland
Security, in their official capacities,

                                    Respondents.

Case No.: 3:26-cv-1798-JES-VET

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Thanh Dat Le's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3.), Respondents (the "Government") filed the Response. ECF No. 4, ("Res."). Upon the Government's filing of the Response, the Court considered the matter fully briefed and took it under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

//

//

1

## I.   BACKGROUND

Petitioner, a native and citizen of Vietnam, fled persecution after experiencing torture and abuse at the hands of the Vietnamese government for participating in a protest. Pet. at 4. On October 14, 2024, Petitioner entered the United States through the U.S.-Mexico border to seek asylum. *Id.* At some point thereafter, Petitioner turned himself into Respondents, who initiated removal proceedings against him. Pet. ¶ 3. Then on January 31, 2025, Petitioner applied for asylum, for which the proceedings are still ongoing. *Id.*

After surrendering to Respondents, Petitioner and his wife were released and given a Notice to Appear. *Id.* ¶ 4. On August 6, 2025, Petitioner and his wife appeared at the Master Calendar Hearing, where they were re-detained by Immigration and Customs Enforcement officers, as they left the courtroom. Petitioner was then mandatorily detained and placed in the Otay Mesa detention center, where he has remained since. *Id.* at 4, ¶ 13.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

//

//

3:26-cv-1798-JES-VET

## III.    DISCUSSION

Petitioner argues that his continued detention violates his due process rights and requests that the Court order his immediate release. Pet. at 10. In its Response, the Government asserts that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) but acknowledges that Courts in this district have consistently reached the opposite conclusion. Res. at 1.

The Court disagrees with the Government's assessment that Petitioner is subject to mandatory detention. Petitioner unambiguously alleges that, prior to being re-detained on August 6, 2025, he was released from immigration custody. Pet. ¶ 4. Generally, Respondents may release a noncitizen from custody, for the pendency of their removal proceedings, by granting them parole, bond, or conditional parole. 8 U.S.C. § 1182(d)(5); *Id*. §§ 1226(a)(2)(A)-(B). When Respondents undertake such action, they cannot revoke a noncitizen's granted status without adhering to the procedural safeguards imposed by the Fifth Amendment. *See, e.g.*, 8 U.S.C. § 1182(d)(5)(A) (proscribing the revocation of parole unless a government official gives notice and makes certain findings); 8 C.F.R. § 212.5(e)(2)(i) (proscribing same); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding that a showing of change circumstance is needed to re-arrest noncitizen ordered released by an immigration judge ("IJ") on bond); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *1 (N.D. Cal. Sept. 12, 2025) (finding that Government's practice is to require a showing of changed circumstances prior to re-arrest of noncitizen that was ordered released by a DHS officer); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal 2025) (finding that conditional parole may only be revoked after first providing noncitizen with notice and an opportunity to be heard).

The Court finds that this issue has been addressed by the undersigned in a recent decision, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Therefore, the Court elects to follow the reasoning stated in *Gergawi* and incorporates it by reference. *Id*.

//

3:26-cv-1798-JES-VET

As a threshold matter, the Court thinks it unlikely that Petitioner was granted bond when he was released by Respondents. This is because, according to his own allegations, he entered the United States unlawfully and soon after, surrendered to Respondents. Pet. ¶ 3. It is reasonable to assume that he would turn himself in where Respondents' agents are located, on or near the border. The Court, therefore, finds that Petitioner's initial detention was governed by 8 U.S.C. § 1225, which bars the possibility of bond for a noncitizen, especially at the outset of their detention. *See* 8 U.S.C. § 1225(b). Thus, the Court finds that Petitioner was likely granted either parole or conditional parole prior to being re-detained on August 6, 2025.

The Court finds that the Government's conduct—here, granting Petitioner parole—resulted in Petitioner's acquisition of a liberty interest in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi v. Noem*, 792 F. Supp. 3d at 1032.

Petitioner claims that he has been detained since August 6, 2025, and has yet to receive notice of the basis for which his parole was revoked or an opportunity to be heard before an IJ. Pet. ¶¶ 23, 24, 27. The Government's Response does not contest these assertions. *See generally* Res. The Court, therefore, finds that the Government failed to provide Petitioner with any notice or an opportunity to be heard *prior* to revoking his parole—as required by the Fifth Amendment—when it re-detained him in January 2026. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp.3d at 1032.

In doing so, Respondents violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (S.D. Cal. Nov. 19, 2025); *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025). Accordingly, the Court will order Petitioner's immediate release.

//

//

3:26-cv-1798-JES-VET

## IV.    CONCLUSION

For the reasons discussed above:

(1)  The Court **GRANTS** Petitioner's Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241;

(2)  Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of his preexisting parole;

(3)  Respondents are **ORDERED** to file a Joint Status Report on or before **April 3, 2026**, confirming that Petitioner has been released; and

(4)  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

5

3:26-cv-1798-JES-VET